Case 4:15-cv-02731   Document 21   Filed in TXSD on 08/16/16   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| READY AIM FLYER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-2731 |
| | § | |
| AVIAT AIRCRAFT, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER AND OPINION

Before the Court is Defendants Aviat Aircraft's and Stuart Horn's (collectively referred to as "Defendants") Motion to Dismiss Plaintiff Ready Aim Flyer's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 5. After reviewing the parties' submissions and the applicable law, the Court finds that Plaintiff has failed to state a claim for negligence *per se*. Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be GRANTED IN PART and DENIED IN PART.

**I. Background**

This case arises from the sale of an aircraft, the Husky, in 2010. Plaintiff alleges that Defendants sold the Husky to Plaintiff for $80,000 on November 4, 2010. The Husky was located at Defendants' manufacturing facility in Wyoming, and the parties agreed to leave it in Defendants' possession to undergo repairs and improvements. Doc. 17 at 1. In early 2015, Plaintiff alleges that it attempted to determine the status of the Husky and obtain maintenance records, but was unable to gather the desired information. *Id*. In July 2015, Plaintiff moved the Husky from Wyoming to Texas, and alleges that the agreed upon improvements had not been made. *Id*. Plaintiff further alleges that Defendants filed an Aircraft Claimant Lien for unpaid

storage fees in the amount of $14, 875. *Id*. at 2. Plaintiff initially sued for relief under ten causes of action, but has since amended its complaint (Doc. 17) to include only four claims: breach of contract, negligence, negligence *per se*, and a declaratory judgment. Defendants' motion to dismiss was aimed at the original complaint, and addresses only three of the remaining four claims.

## II. Standard of Review

A defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).

Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Plaintiff contends that its amended complaint renders moot Defendants' pending motion

to dismiss. Courts vary on this issue. *See Melson v. Vista World Inc. & Assocs.*, Civ. A. No. 12–135, 2012 WL 6002680, at *12 (E.D. La. Nov. 30, 2012) (citing Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 15 (2014)). Some courts have concluded that a pending 12(b)(6) motion to dismiss becomes moot upon the filing of an amended complaint. *Id*. at n. 3 (aggregating cases). Other courts hold that an amended complaint will not automatically moot a pending motion to dismiss. *Id*. at n. 4. (citing *Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("When a plaintiff amends its complaint while a motion to dismiss is pending the court may den[y] the motion as moot [or] consider [ ] the merits of the motion in light of the amended complaint.") (internal citations omitted); *Patton Elec. Co. v. Rampart Air, Inc.*, 777 F.Supp. 704, 713 (N.D. Ind. 1991); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 570 (E.D.Va. 2004) (stating that when a motion to dismiss is pending, a court should not automatically require a defendant to file a new motion to dismiss simply because an amended pleading is introduced)). As explained in one legal treatise:

> Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading . . . To hold otherwise would be to exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2010).

In this case, the Court finds that it is appropriate to consider Defendants' motion as though it were in response to Plaintiff's amended complaint. Defendants' arguments remain relevant as to three of the remaining claims.

### III. Discussion

A. Breach of Contract

Under Texas law, a plaintiff alleging a breach of contract must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Grp, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist. 2001, no pet.)). In its amended complaint, Plaintiff alleges: it entered into a contract with Defendants; Plaintiff performed its obligations under the contract; and Plaintiff suffered damages, including diminution in value of the Husky. Doc. 17 at 6. Plaintiff asserts that Defendants breached the contract in the following ways:

> 21. The contract provided that Defendants would:
>     a. Improve the overall condition of the Husky
>     b. Install an improved landing gear system based on the hydraulic no bounce system which was installed on the aircraft when purchased by plaintiff
>     c. Install upgraded STOL wings
>     d. Obtain a Certificate of Airworthiness
>     e. Return the Husky to Plaintiff in "airworthy condition" and
>     f. Repair the items on the punch list.
> 22. Defendants did not perform items a-f of the above listed obligations.

*Id*.

Defendants only challenge to this cause of action is that "it is next to impossible to ascertain from the face of the Petition what the contract or contracts were intended to address." Doc. 5 at 9. This applies to the original complaint, but the amended complaint is an adequately pled "short and plain statement of the claim" showing Plaintiff may be entitled to relief and giving Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545. The claim for breach of contract survives the motion to dismiss.

B. *Negligence*

Defendants contend that "Plaintiff should, at a bare minimum, be forced to re-plead to permit Defendants to ascertain which claims sound in contract, and which claims, if any, sound in tort, independent of any contract." Doc. 5 at 10. The Supreme Court of Texas has held that "a party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). In this analysis, "[t]he nature of the injury most often determines which duty or duties are breached." *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex. 1986). If the injury "would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort." *Sw. Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 494 (Tex. 1991). Following this principle, Texas courts have held that "[t]he [economic loss] rule does not preclude tort recovery if [the injury involves] physical harm to the ultimate user or consumer or other property." *Equistar Chems., L.P. v. Dresser-Rand Co.*, 240 S.W.3d 864, 867 (Tex. 2007). *See also* Restatement (Third) of Torts: Liab. for Econ. Harm § 3 cmt. b ("An actor whose negligence causes personal injury or physical harm to the property of another can be held liable in tort regardless of whether the negligence occurs in the performance of a contract between the parties.").

In its amended complaint, Plaintiff re-pleads the same facts as the breach of contract claim, plus an allegation of "failing to store the Husky in a reasonable and prudent way." Doc. 17 at 7. Plaintiff claims that "[a]s a direct and proximate result of Defendants' negligence, Plaintiff suffered the damages to the value of its property, the Husky." *Id*. Because Plaintiff claims damages for harm to its property, the Husky, rather than pure economic loss, this claim is

independent of any contractual agreement and will be allowed to proceed under a tort theory.

Defendants further assert that Plaintiff fails to state a negligence claim against it because it has not explained what legal duty Defendants owed to Plaintiff. Doc. 5 at 4. In Texas, "[t]he threshold inquiry in a negligence claim is whether the defendant owes a legal duty to the receiver." *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The "existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question." *Id*.

Plaintiff does not specifically identify a legal duty. *See* Doc. 17 at 7. Plaintiff does, however, allege that "[b]y the very nature of [the agreement] Plaintiff understood that the Husky would be stored inside a hangar." Doc. 17 at 5. One undertaking repairs owes a duty to exercise reasonable care so as not to damage the owner's property. *See Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 127 (Tex. 2010). Plaintiff alleges that it owned the Husky and that Defendants agreed to repair it. *See* Doc. 17 at 1. Thus, Plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that Defendants owed Plaintiff a duty to exercise reasonable care. The negligence claim survives the motion to dismiss.

C. *Negligence per se*

In order to prevail on a cause of action for negligence *per se*, the plaintiff must prove, *inter alia*, that the Plaintiff belongs to the class of persons the statute was designed to protect, and the injury is of the type the statute was designed to prevent. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex. 1985). Defendants' response to the original complaint was that Plaintiff failed to identify what statute Defendants violated and how the Plaintiff belongs to the class of persons the statute was designed to protect. Doc. 5 at 5.

In its amended complaint, Plaintiff identifies the statutes it alleges Defendants violated:

14 C.F.R. §§ 91.417, 91.419. These are Federal Aviation Administration regulations providing for the keeping of maintenance records by aircraft owners and operators. Plaintiff does not explicitly state the grounds on which it believes it is a member of the class of persons the statute was designed to protect.

The use of these particular regulations in a negligence *per se* action presents a matter of first impression in this jurisdiction, but the Court finds persuasive a similar case out of Oregon, *Erickson Air-Crane Co. v. United Techs. Corp*. In *Erickson,* the plaintiff purchased a helicopter from the defendant and it later crashed while being operated by the plaintiff's lessee. *Erickson Air-Crane Co. v. United Techs. Corp.*, 735 P.2d 614, 615 (Or. 1987), *on reconsideration*, 736 P.2d 1023 (Or. 1987). One person died in the crash and the plaintiff sued for negligence, seeking damages for the loss of the helicopter. *Id*. The defendant alleged as an affirmative defense that the plaintiff was contributorily negligent *per se* by failing to comply with federal aviation regulations in maintaining records. *Erickson Air-Crane Co. v. United Techs. Corp.*, 743 P.2d 747, 749 (Or. Ct. App. 1987). The court denied the defendant this defense, holding that the plaintiff was not a member of the class of persons the regulations were designed to protect. *Id*. ("Th[ese regulations] are for the protection and safety of pilots, passengers and persons on the ground. They were not intended as a legislative determination of the standard of conduct in an action for economic damages between a purchaser and a manufacturer.").

This case also involves a buyer and seller of aircraft. Plaintiff seeks to recover the loss in value of the Husky, an economic loss, and thus is not a member of the class of persons that the FAA regulations were designed to protect. Accordingly, Plaintiff's cause of action for negligence *per se* does not survive.

IV. Conclusion

For the foregoing reasons, Plaintiff has not stated a claim for negligence *per se*. The

Court hereby

ORDERS that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's claim for negligence *per se* is DISMISSED.

SIGNED at Houston, Texas, this 16th day of August, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE